# United States District Court
## Central District of California

UNITED STATES OF AMERICA vs.

Docket No. __CR04-1376 CBM__

Defendant __RONALD PHILLIP WALLACE__
akas: _____

Social Security No. _8_ _9_ _3_ _8_
(Last 4 digits)

**JUDGMENT AND PROBATION COMMITMENT ORDER**

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| Feb. | 12 | 2007 |

**COUNSEL** [x] WITH COUNSEL  Marilyn E. Bednarski, retained
(Name of Counsel)

**PLEA** [x] GUILTY, and the court being satisfied that there is a factual basis for the plea. [ ] NOLO CONTENDERE  [ ] NOT GUILTY

**FINDING** There being a finding/verdict of [ ] GUILTY, defendant has been convicted as charged of the offense(s) of: Mail Fraud (18 USC 1341), Wire Fraud (18 USC 1343), Promotional Money Laundering (18 USC 1957), Aiding and Abetting and Causing an Act to be Done (28 USC 2461(c) & 18 USC 981(a)(1)(c), Criminal Forfeiture (21 USC 853, as charged in Counts 4-6, 11, 12, 15 and 20 of the Indictment.

**JUDGMENT AND PROB/ COMM ORDER** The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby placed on probation for a period of Five (5) Years on each of Counts 4-6, 11, 12, 15 and 20, all such terms to run concurrently and under the following terms and conditions: (1) the defendant shall be placed on home confinement for a period of Two (2) Years; (2) the defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318; (3) the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of this order and at least two periodic drug tests thereafter, not to exceed eight drug tests per month as directed by the Probation Office; (4) during the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this Judgment's orders pertaining to such payment. It is ordered that the defendant shall make restitution in the amount of $6,000 per month, which shall be paid during the term of probation. The payments shall begin 30 days after the commencement of supervision and this amount may be adjusted, and the Court expects it will be depending upon the defendants economic circumstances. (5) the defendant shall cooperate in the collection of a DNA sample from the defendant; (6) the defendant shall be employed and the defendant's employment shall be approved by the U. S. Probation Office; (7) upon receipt of any funds received by the defendant or his immediate family or any entities controlled by or affiliated with the defendant, as a result of defendant's work activities or the sale of any of the defendant's assets in excess of his monthly salary, the defendant shall give notice not later than 24 hours after receipt of such funds to his supervising probation officer and shall not dispense such funds within 30 days of their receipt without approval of his supervising U. S. Probation Officer; (8) the defendant is prohibited from employment where he would solicit funds or employment which would permit him to have control over investment funds, to have custody of investment funds or investor funds, and nor may the defendant be a signatory on such accounts, this is accounts of investor funds. Further, the defendant is required to report to the United States Probation Officer all of salary income, interest, dividends, profits, bonuses, or other monies that the defendant should receive or his family should receive. These monies are to be reported to probation on a monthly basis; and (9) the defendant shall provide the probation officer with access to any and all business records, client lists, other records pertaining to the operation of any business owned in whole or in part by the defendant as directed by the probation officer.

It is ordered that the defendant shall pay to the United States a special assessment of $700, which is due immediately to the Clerk of the Court. It is further ordered that the defendant shall pay restitution in the total amount of $11,240,602. 94 pursuant to 18 USC 3663A. The amount of restitution ordered shall be paid as indicated on the Victim List attached to the Judgment and Commitment. If the defendant makes partial payments, then each payee shall receive approximately a proportional payment. The Court finds that there is $38,000 presently in a restitution trust account. That amount should be paid immediately so that it can be distributed to the victims consistent with this Court's order.

It is further ordered that the defendant shall comply with General Order 01-05 and pursuant to U.S.S.G Section 5E1.2(e) of the Guidelines, all fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.
In the interest of justice, Counts 1-3, 7-10, 13, 14, 16-19 and 21 are dismissed.
The defendant's bond is ordered exonerated and the defendant was advised of his right to appeal.

USA vs. __RONALD PHILLIP WALLACE__                    Docket No.: __CR04-1376 CBM__

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

__MAR 15 2007__
Date

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Sherri R. Carter, Clerk

__MAR 15 2007__
Filed Date

By _____
Deputy Clerk

1002

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

CR-104 (11/04)                    __JUDGMENT & PROBATION/COMMITMENT ORDER__

USA vs. RONALD PHILLIP WALLACE                               Docket No.: CR04-1376 CBM

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

USA vs. __RONALD PHILLIP WALLACE__                              Docket No.: __CR04-1376 CBM__

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____
at _____ to _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____        By _____
Date                                                           Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____        By _____
Filed Date                                                     Deputy Clerk

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____                _____
              Defendant                                              Date


_____                                _____
U. S. Probation Officer/Designated Witness           Date

CR-104 (11/04)                    **JUDGMENT & PROBATION/COMMITMENT ORDER**

# VICTIM LIST OF INDIVIDUALS

**Case Name:** Ronald Wallace

**Docket No.:** 04-01376

**Victim Name/Address**      **Amount**

| Victim Name/Address | Amount |
|---|---|
| James W. Rice, JR. Md | $94107.60 |
| William H. Stahl<br>Anthony T. Karachale, Esq. | $26552.16 |
| Jennifer Brown | $2163.43 |
| Dennis G. McDermott | $395.00 |
| Mark Magidson<br>c/o Jeffrey A. Krieger | $16690.34 |
| Robert M. McCoy | $5199.96 |
| Robert M Lehrer | $3600.00 |
| Shelley Silverstein | $7986.00 |
| Robert L. Meinzer, Jr. | $2579.25 |
| James E. Hall | $1243.88 |
| Robert W. Allison | $9258.74 |
| Raymond Moro | $25577.00 |

1

| Name | Amount |
|---|---|
| John R. Beatty | $234259.31 |
| Frank Hacklander | $19250.00 |
| Robert L. Meinzer, Jr. | $2579.25 |
| Gregg Satow MD<br>Anthony T. Karachale | $330638.78 |
| Cary J. Davis<br>c/o Warburg Pincus | $20000.00 |
| Peter F. Lowet | $2215.91 |
| Steven Rosen | $5223.00 |
| Stephen O. Kenyon<br>c/o Stoel Rives LLP | $1925.00 |
| Thomas Overton<br>c/o Margaret Garms | $1195.20 |
| Gene Mulvihill | $24038.00 |
| Taylor, Dr. Douglas | $65210.00 |
| Finger, Jerry<br>Finger Interests Ltd. | $250000.00 |
| Dr. Richard Woods<br>c/o Greggory C. Brandt, Esq. | $18787.91 |
| Greenapple, David | $10860.00 |
| Nelson, Richard | $4178.00 |
| James D. Heald | $23240.00 |
| Denis G. McDermott | $3062.00 |
| Tradefin Ltd.<br>Richard Bakul | $8400.00 |

2

| | |
|---|---|
| Scott Olson<br>c/o Bradley A. Post, Esq.<br>Borton Petrini & Conron, LLP | $19882.00 |
| Oki, Scott<br>Oki Development | $1014018.00 |
| Paul Marciano<br>Steven E. Abelman Esq.<br>Cage Williams Abelman &<br>Layden, P.C. | $378118.80 |
| Armand Marciano<br>Steven E. Abelman Esq.<br>Cage Williams Abelman &<br>Layden, P.C. | $164296.60 |
| Maurice Marciano<br>Steven E. Abelman Esq.<br>Cage Williams Abelman &<br>Layden, P.C. | $1468545.00 |
| Paul Marciano<br>Steven E. Abelman Esq.<br>Cage Williams Abelman &<br>Layden, P.C. | $750891.80 |
| Maurice Marciano<br>Steven E. Abelman Esq.<br>Cage Williams Abelman &<br>Layden, P.C. | $1724965.00 |
| NEMETH, George aka Veritas Partners | $745959.00 |
| Nandlal Varyani, M.D. | $11725.00 |
| Michael R. Klein, Jr., M.D.<br>c/o Joseph F. Harbison, III, Esq. | $75000.00 |
| Barry Wang<br>Mirian L. Wu<br>Leo Pelletier and Wu PC | $32184.00 |
| Hudson, Edward Joseph Jr. | $53447.38 |
| Richard C. DeGolia | $44021.28 |

| Name | Amount |
|---|---|
| Pickell, Kevin | $3252.20 |
| Kostick, Dr. Richard | $3912.37 |
| Robert M. Lehrer | $3600.00 |
| Coleman, Bill | $3610.00 |
| Degolia, Rick | $44021.28 |
| McCorkle. Dr. Douglas | $27000.00 |
| Cutler, Wayne | $443.88 |
| Ofenloch, Bruce | $1300.00 |
| Culbert, Peter | $2346.75 |
| Sandberg, Kay | $1800.00 |
| Grenley, Robert | $1615.12 |
| Lagreca, Richard | $25800.00 |
| Chu, James | $4261.90 |
| Circuit Surgeons | $90.00 |
| Demartini, Rich | $23917.02 |
| Wocher, John | $3750.00 |
| Cadabona, George | $5411.98 |
| Maybee, Stuart | $864.00 |
| Ellis, David W. | $5477.58 |
| Pershkow, Barry | $11169.82 |
| Applebaum, Harold | $18327.94 |

| | |
|---|---|
| McFarland, Guy | $2200.00 |
| Anthony T. Karachale, Esq. Horan Lloyd Law Offices | $330638.78 |
| Chang, Ching-Tao Long Island Business Institute | $1300.00 |
| William L. Scarbrough | $30945.00 |
| Horowitz, Charles(Jim) | $1199.35 |
| Mann, Donald | $1250.00 |
| Smith, Roy | $1350.00 |
| Yoder, Doyle | $614.54 |
| Hersh, Chris | $2377.54 |
| Siegler, Michael | $12800.00 |
| Barnes, Ken | $3984.02 |
| Warren, Randa | $15900.00 |
| Rosin, Richard | $16637.00 |
| Newman, William | $9931.00 |
| Holobaugh, James | $707.72 |
| Data On Call | $1543.87 |
| Goodman, Allen | $8500.00 |
| Black, Jeff | $8740.50 |
| Silbert, Steve | $63679.32 |
| Cooper, Harry E.P. | $9645.12 |
| Jandourek, Charles | $828.00 |

| | |
|---|---|
| O'Brien, Michael | $266635.64 |
| Weintraub, Lee | $9466.44 |
| Scott Asbill | $19882.00 |
| Ravelette, Gilbert | $9763.80 |
| Sroloff, Mr. Shelly | $5909.52 |
| Banker, Dr. Marshall | $3166.16 |
| Jones, Dennis | $8500.04 |
| Logan, Greg | $10768.00 |
| Ballard, Les | $22358.82 |
| Tweten, Jim | $20000.00 |
| Lux, Matthew | $2500.00 |
| Sacks, Howard | $2470.20 |
| William T. Coleman III<br>c/o Edward T. Ramey, Esq.<br>Isaacson, Rosenbaum, Woods &<br>Levy, P.C. | $1174396.00 |
| Glassman, Steve | $71474.92 |
| Braginsky, Edward | $7096.08 |
| Jackson, Ross | $26543.00 |
| Hendrick III, Max<br>Vinson & Elkins | $5925.00 |
| Strier, Richard | $288.00 |
| Pedro Nosnik, MD<br>c/o B Buzz Deitchman P.C. | $72000.00 |

| Name | Amount |
|---|---|
| [Register, Steve] | $4800.00 |
| Montague, Dixon | $8595.12 |
| Silvers, Nick | $11867.60 |
| Burdiek, Michael | $6014.35 |
| Hazell, Don | $7451.92 |
| Silver, Scott | $25000.00 |
| Honour, Scott | $6100.00 |
| Acker, William Pronce | $2190.00 |
| Stephen O. Kenyon c/o Stoel Rives LLP | $1925.00 |
| Peter G. Wernicki | $71364.32 |
| Acorn, Larry | $695.04 |
| Weiner, James | $879.00 |
| Hotard, Laurie | $714.00 |
| Ellison, Tom | $12401.00 |
| Page, Walter | $1706.82 |
| Nova Information Systems, Inc. c/o Block Markus & Williams, LLC | $2712500.92 |
| Ackerman, Douglas | $267.00 |
| Coles, David | $210.00 |
| Nazar, Jose | $3563.38 |
| Kraner, Richard C/O Stone Carlie | $32476.12 |

7

| | |
|---|---|
| Lisi, Terry | $600.00 |
| Fox, James | $10448.00 |
| Michael R. Klein, Jr., M.D.<br>c/o Joseph F. Harbison, III, Esq. | $75000.00 |
| Collet, Barry | $17413.92 |
| Dow, Steve | $2673.96 |
| Buehler, Terry | $34813.98 |
| Booth, David | $849.00 |
| Bachelor, Eric | $398360.27 |
| Ng, John | $20139.12 |
| Peter Goschi | $21156.20 |
| Dyroff, David<br>Husch and Eppenberger | $3471.68 |
| Lillien, Jeffrey | $16481.16 |
| Rice, Jim | $122,308.00 |
| Allen, John | $6980.00 |
| Rubin, Jeff M. | $2434.58 |
| Bosche, Larry | $3860.00 |
| Bookman, Robert' | $34.32 |
| Treimain, Ken | $25102.00 |
| Ochwat, Gary | $11425.00 |
| Cajulis, Ricardo | $10800.00 |
| Lockhart, Charles | $80268.30 |

| | |
|---|---|
| Emrich, Jeffrey | $24,056.00 |
| Kronthal, Frank | $19623.36 |
| Furrer, Urs-Harrington & Furrer | $258.96 |
| Seto, Cliff | $2757.00 |
| Thompson, Mark | $283.67 |
| Tanaka, Mihoko | $5782.62 |
| Favre, Johnathan | $1191.80 |
| Woltjen, Kevin | $95655.80 |
| Ziad Sultan | $192,487.00 |
| Arthur Sarkissian | $27,588.00 |
| Garth Ancier | $57,775.00 |
| Matt Lichtenberg | $25,325.00 |
| Antonio Castanos | $216,940.00 |
| Mark Overberg | $2,428.00 |
| Jamie Moyer | $48,537.00 |
| Robbins, A.J. | $2,794.00 |
| Michael Goldstein, President | $157,709.17 |

9

# NOTICE PARTY SERVICE LIST

**Case No.** CR04-1376 CBM    **Case Title** USA vs Ronald Phillip Wallace

**Title of Document** Judgment and Commitment

| | | | | |
|---|---|---|---|---|
| | Atty Sttlmnt Officer Panel Coordinator | | | Statistics Clerk |
| | BAP (Bankruptcy Appellate Panel) | | | US Attorneys Office - Civil Division -L.A. |
| | Beck, Michael J (Clerk, MDL Panel) | | | US Attorneys Office - Civil Division - S.A. |
| ✓ | BOP (Bureau of Prisons) | | | US Attorneys Office - Criminal Division -L.A. |
| | CA St Pub Defender (Calif. State PD) | | | US Attorneys Office - Criminal Division -S.A. |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | | | US Bankruptcy Court |
| | Case Asgmt Admin (Case Assignment Administrator) | | ✓ | US Marshal Service - Los Angeles (USMLA) |
| | | | | US Marshal Service - Riverside (USMED) |
| | Catterson, Cathy (9th Circuit Court of Appeal) | | | US Marshal Service -Santa Ana (USMSA) |
| | Chief Deputy Admin | | ✓ | US Probation Office (USPO) |
| | Chief Deputy Ops | | | US Trustee's Office |
| | Clerk of Court | | | Warden, San Quentin State Prison, CA |
| | Death Penalty H/C (Law Clerks) | | | |
| | Dep In Chg E Div | | | |
| | Dep In Chg So Div | | | |
| | Federal Public Defender | | | |
| ✓ | Fiscal Section | | | |
| | Intake Section, Criminal LA | | | |
| | Intake Section, Criminal SA | | | |
| | Intake Supervisor, Civil | | | |
| | Interpreter Section | | | |
| | PIA Clerk - Los Angeles (PIALA) | | | |
| | PIA Clerk - Riverside (PIAED) | | | |
| | PIA Clerk - Santa Ana (PIASA) | | | |
| ✓ | PSA - Los Angeles (PSALA) | | | |
| | PSA - Riverside (PSAED) | | | |
| | PSA - Santa Ana (PSASA) | | | |
| | Schnack, Randall (CJA Supervising Attorney) | | | |

**ADD NEW NOTICE PARTY**
*(if sending by fax, mailing address must also be provided)*

Name:

Firm:

Address *(include suite or floor)*:

*E-mail:

*Fax No.:

* For CIVIL cases only

**JUDGE / MAGISTRATE JUDGE (list below):**

Initials of Deputy Clerk